OPINION OF THE COURT
David Elliot, J.
This action was tried before the court in a nonjury trial. *689 Plaintiff commenced the action in Supreme Court; the action was transferred to this court pursuant to the provisions of CPLR 325 (d). Plaintiff seeks recovery against defendant DaimlerChrysler Corporation (hereinafter Chrysler) under General Business Law § 198-a, New York’s New Car Lemon Law, for damages involving a leased motor vehicle. The action was initially commenced against both Chrysler (the manufacturer of the vehicle) and Bayside Chrysler Plymouth Jeep Inc. (the dealer, hereinafter Bayside), alleging claims under the New York Lemon Law and the Federal Magnuson-Moss Warranty Act. As the New York State Court of Appeals recently held that the federal statute is inapplicable to leased vehicles,[1] the action was discontinued against the dealer, and the plaintiff proceeded solely against the manufacturer.
At the start of the trial, the court inquired of the attorneys for the parties as to their position as to whether this court had jurisdiction of an action under the Lemon Law. Their position was that this court does have jurisdiction under CCA 213, as one for rescission of a contract. Although a trial was held, after researching the matter, it is the opinion of this court that it lacks subject matter jurisdiction.
Although the parties have taken the position that the action is one for rescission, the leased vehicle was leased by Bayside to the plaintiff. The remaining action is against Chrysler, which was not a party to the lease. The action is not one for rescission, but one for recovery against Chrylser pursuant to the Lemon Law.
The Court of Appeals has held that the replacement remedy provided by the Lemon Law is equitable in nature and is not subject to a jury trial. (Motor Vehicle Mfrs. Assn. of U.S. v State of New York, 75 NY2d 175.) As this court lacks equitable jurisdiction, it lacks subject matter jurisdiction in this matter.
As a trial was held, and there may be an appeal on the issue of jurisdiction, the court renders the following opinion on the merits of this action.
By lease dated June 22, 2000, plaintiff Barry E. Kucher leased a 2000 Chrysler Town & Country van from Bayside. The plaintiff brought the car to Bayside for servicing on numerous occasions, complaining at various times about excessive oil consumption, and about what the plaintiff considered to be a defective horn.
*690 Bayside performed various tests on the vehicle, finally concluding that the engine had to be replaced. There is no dispute that plaintiff brought the vehicle in six times with regard to the oil consumption issue, and that the engine was replaced with a remanufactured engine on the sixth attempt to repair the condition.
The plaintiff brought the car to two separate dealers, complaining about the operation of the horn. Initially, complaints were made when the car was brought to the defendant Bayside. However, after moving to New Jersey, the plaintiff brought the car to a dealer in New Jersey. Bayside found the horn to be functioning properly; the New Jersey dealer later did replace a part involving the horn. According to the plaintiff, the horn still does not function properly, is unsafe, and diminishes the value of the vehicle. The court viewed the operation of the horn, once when operated by the plaintiff, and then by a witness for the defense.
The parties disagree as to the number of visits for repair of the horn, and whether it was necessary for the plaintiff to actually complain about the horn on each and every occasion. For reasons that will follow, it is not necessary to determine the actual number of visits in connection with the horn.
New York’s New Car Lemon Law is found in General Business Law § 198-a, which provides remedies to consumers during the first 18,000 miles of operation or during the period of two years following the date of original delivery of a motor vehicle to a consumer. General Business Law § 198-a (c) (1) provides, inter alia, that if within said period “the manufacturer or its agents or authorized dealers are unable to repair or correct any defect or condition which substantially impairs the value of the motor vehicle to the consumer after a reasonable number of attempts, the manufacturer, at the option of the consumer, shall replace the motor vehicle with a comparable motor vehicle, or accept return of the vehicle from the consumer and refund to the consumer the full purchase price or, if applicable, the lease price and any trade-in allowance plus fees and charges * * * .”
Subdivision (d) of section 198-a provides that:
“It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to the applicable express warranties, if:
“(1) the same nonconformity, defect or condition has been subject to repair four or more times by the manufacturer or its *691 agents or authorized dealers within the first eighteen thousand miles of operation or during the period of two years following the date of original delivery of the motor vehicle to a consumer, whichever is the earlier date, but such nonconformity, defect or condition continues to exist; or
“(2) the vehicle is out of service by reason of repair of one or more nonconformities, defects or conditions for a cumulative total of thirty or more calendar days during either period, whichever is the earlier date.”
To recapitulate, there are two basic categories under which the plaintiff alleges that this case fits. First, that the vehicle was not repaired after four visits, and second, that the vehicle was out of service for more than 30 calendar days. For reasons that will follow, it is important to note that in the first category (number of visits), the law specifically includes the words “but such nonconformity, defect or condition continues to exist,” whereas in the second category (more than 30 days), it does not.
The Lemon Law provides that the consumer has the right to submit his claim to an independent arbitrator approved by the State Attorney General. The rules for the administration of the program are found in part 300 of title 13 of the Official Compilation of Codes, Rules and Regulations of the State of New York.
The Attorney General determines the interpretation of the Lemon Law for the arbitrators, in that he provides forms for the arbitrators to reach certain decisions based upon the answers to specific findings of fact.
Plaintiff alleges that he is entitled to recover under the Lemon Law, both under General Business Law § 198-a (d) (1) and (2). As to the latter, plaintiff’s position is that his vehicle was out of service by reason of repair of one or more defects for a cumulative total of more than 30 calendar days. Further, plaintiff alleges that he is not barred from recovery under subdivision (d) (1), despite the fact that the vehicle engine problem was repaired prior to the date of trial. Plaintiff’s position is that under the Lemon Law, the consumer is entitled to a refund where the vehicle remains defective after four repair attempts, irrespective of whether the vehicle has been repaired prior to the time of trial. At the time of trial, the plaintiff cited the supporting memorandum to General Business Law § 198-a of Senator Joseph Bruno in support of his position, apparently because the memorandum in support did not discuss the requirement that the defect continue to exist. After trial, *692 plaintiffs counsel wrote to advise the court of recent developments at the office of the Attorney General.
Prior to November 23, 2002, the position of the Attorney General was apparently to apply to both of the aforesaid categories the words “but such nonconformity, defect or condition continues to exist,” so that the arbitrator must find for the manufacturer if the defects did not exist at the time of the hearing.
By memo dated November 23, 2002, the Attorney General changed his position, citing Matter of Bay Ridge Toyota v Lyons (272 AD2d 397 [2d Dept 2000]). That case provided, in relevant part: “One of the bases for the award, that the vehicle was out of service due to repairs or malfunction for 15 or more days, was not contingent upon whether the car was presently operable.” (Id.)[2]
However, the Attorney General changed his position with respect to both categories, determining that the consumer may recover in both situations, i.e., if the vehicle was not repaired after four visits even if it was subsequently repaired, and if the vehicle fit within the 30-day category, but was subsequently repaired.
In sum, the prior position of the Attorney General was that the consumer lost under both categories if the defect did not exist at the time of the hearing; the current position is that the consumer wins under both categories if the case at one time fit into one of the two categories, whether or not the condition exists at the time of the hearing. This court respectfully disagrees with both positions.
The statute provides in subdivision (d) that “It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to the applicable express warranties, if: (1) the same nonconformity, defect or condition has been subject to repair four or more times within the first eighteen thousand miles of operation or during the period of two years following the date of original delivery of the motor vehicle to a consumer, whichever is the earlier date, but such nonconformity, defect or condition continues to exist” (emphasis supplied). “The legislative intent is to be ascertained from the words and language used, and the statutory language is gener *693 ally construed according to its natural and most obvious sense, without resorting to artificial or forced construction.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 94.) It is clear that the Legislature intended that for the consumer to recover under this section, the condition must exist at the time of trial.
The plaintiff complains that under this interpretation a plaintiff is forced to either allow the manufacturer unlimited attempts to repair the vehicle pending trial, or refuse access after the fourth attempt and be stuck with a defective vehicle for the years it may take to get to trial. However, avoiding that conundrum is the intent of the Lemon Law provision entitling the consumer to a swift determination by binding arbitration. It is the consumer in this case that was determined to have his dispute resolved by the court. He cannot now be heard to complain of the resulting delay.
As to the 30-day category, Bay Ridge Toyota v Lyons (supra) merely set forth that the issue of whether the condition existed at the time of the hearing does not apply to the 30-day category (15 for used cars). That case does not extend to the “four attempts” category. While the plaintiff complains, and the court is aware, that the Attorney General has issued to arbitrators a memorandum to the contrary, this court holds that in order for the plaintiff to prevail under General Business Law § 198-a (d) (1) (the “four attempts” category), the complained of condition^) must still exist at the time of trial.
As to the problem of excessive oil consumption, the vehicle was repaired prior to trial by the replacement of the engine. Therefore, the plaintiff cannot recover for that condition alone.
As set forth above, the parties disputed whether the vehicle was out of service for more than 30 cumulative calendar days. It is clear that the vehicle was not out of service for that period of time solely as a result of the engine. It is not necessary to determine whether a defective horn brought the cumulative days out of service to more than 30 days. The court had the opportunity not only to hear the testimony of the expert witnesses, but to actually see a demonstration of the operation of the horn. The court finds that the horn in question is not defective, and does not diminish the value of the vehicle to the consumer. The basic complaint of the plaintiff is that the horn does not operate in the manner he would like. The horn operates when pressed in specific areas on the steering wheel. However, it does not function when pressed in every area of the steering wheel. There are small bugles imprinted on the steering wheel, which indicate where to press to sound the horn. *694 The plaintiff wants the horn to sound when he presses on a different location on the steering wheel. It appears from the evidence before the court that the horn was not designed to operate in precisely the manner in which the plaintiff would like. This does not qualify as a defect, and does not substantially impair the value of the vehicle to the consumer. The court agrees with the defendant manufacturer that there is nothing wrong with the horn.
The visits for the repair of the horn are not to be considered in the calculation of the cumulative total of days that the vehicle was out of service for repairs. The vehicle was therefore not out of service for a cumulative total of over 30 days, as required by General Business Law § 198-a (d).
For the reasons set forth above, the court holds that the plaintiff is not entitled to relief under the New Car Lemon Law, and the complaint is dismissed.

. DiCintio v DaimlerChrysler Corp., 97 NY2d 463.

. The case dealt with the Used Car Lemon Law, General Business Law § 198-b, as opposed to the New Car Lemon Law, General Business Law § 198-a, which in many ways are mirror images. However, with respect to used cars, the second category is limited to 15 days, as opposed to the 30 provided for with respect to new cars.